# EXHIBIT 1

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE BLOCK, NERISSA BURKE, KAREN ENSLEY, and DONNITA REIMAN,<br><br>        Plaintiffs,<br><br>    -vs.-<br><br><br>HOLOGIC, INC.,<br><br>        Defendant. | Case No.  1:22-cv-12194  (ADB) |

### [PROPOSED] STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER

WHEREAS , discovery in this above-captioned matter, including any appeal, may involve the production of information containing personal identifying or personal health related information for which special protection from public disclosure and from use for any purpose other than this proceeding is warranted;

NOW THEN, pursuant to Fed. R. Civ. P. 26(c), Plaintiffs and Defendant Hologic, Inc. ("Hologic") through their respective counsel, hereby STIPULATE AND AGREE to the terms and conditions of this Stipulated Qualified HIPAA Protective Order (the "HIPAA Order" or "this Order"):

1.    This Order shall supplement any other protective order entered in the above-styled action. Both of these orders shall remain in full force and effect.

2.    **Definitions.** As used herein, the following terms shall have the following meanings:

    a.    The **"Action"** shall refer to the above-captioned matter.

b.     "Covered Entity" shall have the same definition as set forth in 45 C.F.R. § 160.103.

c.     "HIPAA" shall refer to the Health Insurance Portability and Accountability Act of 1996, codified primarily at Sections 18, 26 and 42 of the United States Code, and the regulations promulgated thereunder, including specifically 45 C.F.R. §§ 164.512(e)(1)(ii)(B) and 164.512(e)(l)(v).

d.     "Protected Health Information" or "PHI" shall have the same definition as set forth in 45 C.F.R. § 160.103.

3.  **Authorizations, Prohibitions, and Requirements relating to PHI.**

a.     The parties are hereby authorized through discovery to receive, subpoena, and transmit PHI, to the extent that such information is otherwise discoverable and not objectionable, subject to all conditions outlined herein. Pursuant to this Order, all parties are:

i.     prohibited from using or disclosing PHI for any purpose other than the prosecution and defense of this Action; and

ii.    required to securely destroy all copies of PHI or to return them to the disclosing entity within forty-five (45) days of the conclusion of this Action.

b.     _**Subpoenas.**_ Commencing immediately from the date of this HIPAA Order, Covered Entities shall comply with, and are hereby authorized and ordered to use or disclose PHI in response to, any and all subpoenas for records without deposition pursuant to Federal Rule of Civil Procedure 45 to which no objection has been timely filed as well as any other subpoenas served upon them at any future time in the course of this Action.

2

c.      ***Interrogatories, Requests for Production, Requests for Copies, and Expert Communications.***  In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any right to prepayment of costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, and designees of each party in this Action are expressly and specifically authorized and ordered to:

i.      respond to valid Requests for Production or Interrogatories served pursuant to the Federal Rules of Civil Procedure in the Action seeking PHI;

ii.      respond to valid and timely Requests for Copies served pursuant to the Federal Rules of Civil Procedure in the Action for production of documents and things without deposition concerning PHI; and

iii.      respond to each one of a party's own expert(s) who requests, either orally or in writing, PHI for purposes of reviewing the Action in whole or in part, whether the expert is a consulting or trial expert, and whether the expert is considered retained for compensation or non-retained, by disclosing and providing such requested PHI, subject to any other protective order entered in the above-styled action.

d.      ***Depositions.***  In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(l)(i) and for purposes of HIPAA compliance, without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition in the Action, including but not limited to a party, a fact witness, a records custodian, an expert, or a healthcare provider of any type, is expressly and specifically authorized and ordered to use or to disclose to the attorneys, agents, employees, and

3

designees of each party or each party's legal counsel in the Action the PHI of a party that is responsive to deposition questions or a valid subpoena duces tecum at such duly-noticed deposition in the Action.

        e.     ***Judicial Proceedings***. In addition to the foregoing, pursuant to 45 C.F.R. § 164.512(e)(l)(i) and for purposes of HIPAA compliance, without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to this Action, including but not limited to trial, are specifically and expressly authorized and ordered to use and disclose the PHI of a party in any form at such judicial proceeding. If a party wishes to file PHI with the Court, it must be submitted with a motion for filing under seal pursuant to Local Rule 7.1(a)(2) and 7.2(c). If leave to file under seal is granted, the filing party shall file the papers with an indication of the nature of the contents and the phrase "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as appropriate. The filing party shall also provide the Court with electronic copies of the main document and any accompanying memorandum of law or exhibits as separate documents in PDF format, which shall be named and organized in a manner that clearly identifies each document, pursuant to the Court's September 9, 2019 "Standing Order re: Electronic Filing in Cases Filed Before Burroughs, J." However, any party may file a pleading or document with the Court that describes, summarizes, quotes, or contains PHI, as long as that party omits or redacts the identifying information of the person to whom the PHI pertains. Any party may use documents containing PHI at trial or an evidentiary hearing, including but not limited to introducing them into evidence and asking a witness about their contents. If a party moves a

document containing PHI into evidence and wants it to be part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

f.       The parties and their attorneys shall be permitted to use PHI in any manner reasonably connected with the Action, including, but not limited to, disclosure to the parties and their attorneys, insurers, claims managers, experts, and consultants, the Court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the Action process. Any experts retained by a party to this Action to whom sharing or disclosure of PHI is made must sign the Acknowledgement attached hereto as Exhibit A unless such permission for such disclosure has been granted by the Court. Counsel providing access to PHI shall retain copies of the executed Acknowledgement(s) and provide them to another party as requested.

g.       The provisions of this Order shall not terminate at the conclusion of this Action. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of the United States District Court for the District of Massachusetts, for the purposes of enforcement of the terms of this Order.

h.       A copy of this Order shall be valid as an original.

**STIPULATED AND AGREED:**

Dated:  April 4, 2023

HOLOGIC, INC.,
By its attorney,
*/s/ Michael J. Pineault*
Michael J. Pineault (BBO No. 555314)
Anderson & Kreiger LLP
50 Milk Street, 21st Floor
Boston, MA 02109
mpineault@andersonkreiger.com
T: +1 617.621.6578
F: +1 617.621.6619

*/s/ Daniel S. Pariser*
Daniel S. Pariser (admitted *pro hac vice*)
Jocelyn A. Wiesner (admitted *pro hac vice*)
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
daniel.pariser@arnoldporter.com
jocelyn.wiesner@arnoldporter.com
T: +1 202.942.5000

PLAINTIFFS,
By their attorney,
*/s/ John J. Roddy*
John J. Roddy
Bailey & Glasser LLP
176 Federal Street, 5th Floor
Boston, MA 02110
jroddy@baileyglasser.com
T: +1 617-439-6730
F: +1 617-951-3954

*/s/ C. Moze Cowper*
C. Moze Cowper (admitted *pro hac vice*)
Cowper Law
12301 Wilshire Blvd., Ste. 303
Los Angeles, CA 90025
mcowper@cowperlaw.com
T: +1 877-529-3707
F: +1 877-284-0980

*/s/ Christina D. Crow*
Christina D. Crow (admitted *pro hac vice*)
C. Elizabeth Littell Courson (admitted *pro hac vice*)
Jinks Crow & Dickson, P.C.
219 Prairie Street North
P.O. Box 350
Union Springs, AL 36089
ccrow@jinkslaw.com
llittell@jinkslaw.com
T: +1 334-738-4225
F: +1 334-738-4229

**SO STIPULATED, IT IS SO ORDERED.**

Dated: _____, 2023

_____
The Honorable Allison D. Burroughs
United States District Judge

6

# **<u>EXHIBIT A</u>**

## ACKNOWLEDGEMENT AND AGREEMENT TO BE
## BOUND BY HIPAA QUALIFIED PROTECTIVE ORDER

1.      I, _____, hereby attest to my understanding that information or documents containing Protected Health Information ("PHI") are provided to me subject to the HIPAA Qualified Protective Order ("Order") dated _____, 2023, entered by the Court in *Block v. Hologic, Inc.*, Case No. 1:22-cv-12194 (the "Litigation") (together with other litigation related to the BioZorb device in which plaintiffs are represented by the same Plaintiffs' counsel, the "BioZorb Device Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Acknowledgement to the Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any PHI disclosed pursuant to the Order.

2.      I further agree that I shall not disclose to others, except in accordance with the Order, any PHI, in any form whatsoever, and that such PHI may be used only for the purposes authorized by the Order.

3.      I further agree to return all copies of any documents or information containing PHI I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

4.      I further agree and attest to my understanding that my obligation to honor the confidentiality of such PHI will continue even after this Litigation concludes.

5.      I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of Massachusetts, for the purposes of any proceedings relating to enforcement of the Order, even if such enforcement proceedings occur after termination of this action.

6.      I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Acknowledgement.

Date: _____

Printed Name: _____

Signature: _____

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Pineault, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on April 4, 2023.

*/s/ Michael J. Pineault*
Michael J. Pineault
