# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE BLOCK, NERISSA BURKE, KAREN ENSLEY, and DONNITA REIMAN,<br><br>       Plaintiffs,<br><br>    -vs.-<br><br>HOLOGIC, INC.,<br><br>       Defendant. | Case No. 1:22-cv-12194 (ADB) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, discovery in this above-captioned matter may involve the production of information containing trade secrets, proprietary commercial or business information, or financial information, personal identifying or personal health related information, and/or information subject to one or more U.S. or foreign data privacy laws or regulations, or other sensitive and confidential information for which special protection from public disclosure and from use for any purpose other than this proceeding is warranted;

NOW THEN, pursuant to Fed. R. Civ. P. 26(c), Plaintiffs and Defendant Hologic, Inc. ("Hologic") through their respective counsel, hereby STIPULATE AND AGREE to the terms and conditions of this Stipulated Protective Order (the "Stipulation"):

1.     **Scope.** This Stipulation shall govern the production and handling of documents, items, or other information exchanged by the parties or non-parties in the above-styled action (the "Action") (including, without limitation, responses to interrogatories, requests for admissions,

4

pleadings, exhibits, and depositions or other testimony), regardless of the medium or manner in which any such materials are generated, stored, or maintained. This includes any material produced, filed, or served by any party or non-party during discovery in this Action or any information included in any such material.

      a. The parties agree that any party may use documents or other materials produced in one case related to the BioZorb® Biosorbable 3-D Implantable marker and in which plaintiffs are represented by the undersigned Plaintiffs' counsel, including but not limited to this Action, *Evers v. Hologic, Inc.*, Case No. 1:22-cv-11895, *Chambers v. Hologic, Inc.*, Case No. 1:23-cv-10260, and *Lyons v. Hologic, Inc.*, No. 2281CV04312 (Massachusetts Superior Court for Middlesex County), (the "BioZorb Device Litigation") as if those documents or materials had been produced in each other case in the BioZorb Device Litigation, subject to and on the condition that a Stipulated Protective Order in substantially the same form as this Order has been entered in any such case where the documents or materials are sought to be used. Such documents shall be subject to all confidentiality designations made in any case in the BioZorb Device Litigation as if those documents were designated confidential in each such case. Nothing in this Stipulation shall constitute an admission as to the relevance or admissibility of any document or any portion thereof. All objections available to any party under the Federal Rules of Civil Procedure and Rules of Evidence, or any other applicable laws are reserved.

   2. **Materials Covered.** Any party or other person, including non-party recipients of discovery requests/subpoenas, may designate all or any part of a document, discovery response, deposition, or other material which that party or person produces, serves, or provides in connection with this Action as "Confidential Material," as described below.

a. "Confidential Material" shall mean hard-copy and electronic material that the party or non-party producing the material or designating the material as "Confidential" (the "Designating Party") believes in good faith deserves protection under Fed. R. Civ. P. 26(c). This includes, without limitation, protected health information, confidential non-public research or analysis, development, internal communications, personal or commercial information used or obtained by a party in their business that is not generally known and would not normally be disclosed to third parties or, if disclosed, would require third parties to maintain it in confidence, and any other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

b. **Designation of Documents.** Any document produced by a party or non-party in this litigation may be designated as Confidential Material by marking it "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" on the face of the document at or prior to the time of production. A party or non-party may designate natively produced electronic documents and other non-imaged media as "Confidential Material" as appropriate, by noting such designation in an accompanying cover letter and including the appropriate confidentiality designation in the load file provided with the electronic production.

c. **Designation of Testimony.** Testimony provided in this Action may be designated as Confidential Material by any party or non-party if the testimony concerns or relates to the party's or non-party's Confidential Material, subject to Paragraphs 9 and 14. The person desiring to designate any portion of testimony as Confidential Material shall do so by so stating orally on the record on the day that the testimony is being given, either personally or through counsel. If any party makes such an oral designation, the confidential portions of the deposition

shall be taken only in the presence of persons entitled to access to such information under this Stipulation. Additionally, any party or non-party may designate any or all portions of the transcript and/or video of any deposition (or of any other testimony) as containing Confidential Material in accordance with this Stipulation by notifying all other parties in writing, within 30 days of receipt of the transcript and/or video that it contains Confidential Material and designating the specific pages and/or line as containing Confidential Material. All transcripts and/or videos shall be treated as Confidential Material and subject to this Stipulation until a time 30 days after a final, official (non-draft) transcript or video of the deposition (or other testimony) are received. Any inadvertent failure to designate transcripts and/or videos within the 30-day time period may be addressed under Paragraph 7 of this Stipulation. If practicable, the reporter shall bind the Confidential testimony in separate volumes and mark the face of the transcript to indicate its confidential nature and production pursuant to this Stipulation. Any video cassettes (or other storage media) containing Confidential testimony shall be so designated in accordance with the provisions of this Stipulation.

3. **Use of Materials and Declaration.**

a. All materials produced in discovery, including, but not limited to, those which are designated Confidential, shall be used solely in furtherance of the prosecution, defense, or attempted settlement of the BioZorb Device Litigation, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Stipulation. All materials designated Confidential must be stored and maintained by the party receiving the material (the "Receiving Party") in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its

clients. Upon conclusion of this Action, a Receiving Party must comply with the provisions of Paragraph 6 below regarding return or destruction of confidential materials.

    b. Notwithstanding any contrary provision in this Stipulation, a party is permitted to disclose Confidential material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this paragraph are followed. The party which has received a valid subpoena or other valid legal process (the "Subpoenaed Party") must provide the Designating Party with written notice of such subpoena or other legal process, via electronic mail/PDF, or hand delivery, within three (3) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"), in order to afford the Designating Party an opportunity to object. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that providing the information may be a violation of this Stipulation. After receipt of the notices specified by this paragraph, the Designating Party seeking to maintain the confidentiality of any information shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the information that has been subpoenaed or requested. If the Designating Party does not move for a protective order within fourteen (14) days (or within such times as a court may direct or as may be agreed upon with the subpoenaing/requesting party) and give written notice of such motion to the Subpoenaed Party, the Subpoenaed Party may commence production in response to the subpoena or request. The Subpoenaed Party will not produce any of the Confidential Material while a motion for a protective order brought by the Designating Party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending unless a court orders production of material that is subject to this Stipulation. In such case, production of such materials pursuant to

that Court Order shall not be deemed a violation of this Stipulation. At no time shall the Subpoenaed Party take a position concerning the propriety of a subpoena or other legal process as it relates to a Designating Party's Confidential Material. Finally, nothing herein shall be construed as requiring the Subpoenaed Party to subject itself to any penalties for non-compliance with any subpoena, access request, or legal process or to seek any relief from the Court.

4. **Disclosure of "Confidential" Materials.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of "Confidential" materials may be made only to:

    a. the Court, its secretaries, clerks, law clerks and other support staff in the manner set forth herein;

    b. attorneys or law firms retained by a party in the Action and these attorneys' or law firms' employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants, document management services and graphics services) (this category hereinafter referred to as "Attorneys"). Except as set forth below, Attorneys shall include in-house counsel involved in the prosecution or defense of the Action ("In-House Counsel");

    c. court reporters, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

    d. any expert or consultant (including all non-party personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by or for the benefit of any of the parties in the

Action to assist counsel in the Action (this category hereinafter referred to as "Experts"), provided that the expert or consultant has executed a Declaration in the form annexed hereto as Exhibit A.

    e.    any mediators engaged by the parties, and their support staff;

    f.    any person who is an employee of the Designating Party, or a former employee of the Designating Party (if they were employed by the Designating Party when the material was created or if they had an authorized right of access to the document in the ordinary course of that employment), provided that the person has executed a Declaration in the form annexed hereto as Exhibit A;

    g.    any person who has been designated as a Rule 30(b)(6) witness by the Designating Party;

    h.    and any person as to whom the Producing Party or the Designating Party has consented to disclosure in advance and in writing.

5.    **Challenges to Designations.** Any party wishing to challenge the "Confidential" designation assigned by another party or other person ("Objecting Party") with respect to any material shall give notice by email or other written communication of such objection to counsel for the Designating Party. Within fourteen (14) days of receipt of written notice of the designation challenge, the Designating Party shall meet and confer with the Objecting Party to attempt to resolve the designation dispute. If no resolution is reached, the Objecting Party may move the Court for an order removing such Protected Material from the restrictions of this Stipulation, and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the Designating Party to demonstrate the propriety of such

designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" material, the original designation shall remain in full force and effect.

6. **Handling of Confidential Materials.** All material designated "Confidential" shall remain in the possession of the Attorneys of record to whom such material is produced, and they shall not release or disclose the nature, substance, or contents thereof, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Paragraph 4 above, and copies may be submitted to the Court under seal as necessary. Persons who have been shown material designated "Confidential" pursuant to this Stipulation and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of such Protected Material. Within sixty (60) days after such time as the Action is concluded, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, any party or person that produced "Confidential" material may require the return or destruction of all materials and copies thereof containing "Confidential" information (including but not limited to copies in the possession or control of any Expert or employee), and all reasonable costs of such return shall be borne by the party requesting such return. Unless the Designating Party provides notice of a return requirement within the sixty-day period specified above, or unless otherwise ordered, each Receiving Party shall undertake commercially reasonable efforts to destroy all such material and certify in writing to the Designating Party that all such material has been destroyed to the extent practicable. As to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the parties shall be entitled, without violating this Stipulation, to retain such work product in their files, so long as the terms of this Stipulation will continue to govern any such retained materials. In addition, counsel

shall be entitled, without violating this Stipulation, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Material, so long as this Stipulation will continue to govern any such retained materials. The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (a) are stored on backup storage media made in accordance with regulator data backup procedures for disaster recovery purposes; (b) are located in the email archive system or archived electronic files of departed employees; or (c) are subject to legal hold obligations. Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Stipulation.

7. **Inadvertent Production of Confidential Documents.** In the event that the producing party or non-party inadvertently fails to designate discovery material as Confidential Material, it may make such a designation subsequently by notifying all entities to which such discovery material was produced, in writing. After receipt of such notification, the party or parties to which such discovery material was produced shall treat the designated discovery material as Confidential Material, subject to their right to dispute such designation in accordance with Paragraph 5.

8. **Inadvertent Production of Privileged Documents.** A producing party may assert privilege or protection over an Inadvertently Produced Privileged Document at any time by notifying the receiving party(ies) in writing of the assertion of privilege or protection. Alternatively, in the event that a Receiving Party discovers a document that they believe to be an

Inadvertently Produced Privileged Document, the Receiving Party will promptly notify the producing party of what it believes to be the Inadvertently Produced Privileged Document (no Receiving Party will be found in violation of this Stipulation for failing to initially identify an Inadvertently Produced Privileged Document). After discovering or being notified of an Inadvertently Produced Privileged Document, any Receiving Party must not use or disclose the document in any way until the claim is resolved and must take reasonable steps to retrieve the document if the party disclosed it before being notified of or discovering the inadvertent production. In addition, within fourteen (14) days of discovering or being notified of the claim of privilege, any Receiving Party must return or destroy the specified document and any copies it has and the Designating Party must retain a copy of the document until the resolution or termination of this Action. After a document is returned or destroyed by the Receiving Party pursuant to this paragraph, a party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering such an order the fact that the document was inadvertently produced.

9. **Inadvertent Disclosure of Material by Receiving Party.** If a party receiving "Confidential" materials learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Stipulation, the Receiving Party must, as soon as is practicable: (a) notify in writing the Designating Party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Stipulation and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A.

10. **Obligations to Non-Parties.** If information sought in a discovery request is implicated by a Receiving Party's obligation to a non-party not to disclose such information, the Receiving Party shall:

    a. Timely serve a written objection to the production of such information on the basis of its obligation to a non-party not to disclose the information;

    b. Within seven (7) days of receiving the discovery request provide the non-party written notice of the pending request and a copy of this Stipulation; and

    c. If the non-party does not object to the disclosure of information within twenty-one (21) days from which the written notice of the pending request was sent by the Party, the Receiving Party shall produce the materials (subject to any appropriate designations under the terms of this Stipulation); or

    d. If the non-party does object to the disclosure of information, the Receiving Party shall within ten (10) days of the non-party's objection either (A) produce the materials (subject to any appropriate designations under the terms of this Stipulation or stipulated between the parties to the Action) or (B) file an appropriate motion (e.g., to quash or for a protective order) for relief from the Court.

    e. Notwithstanding the foregoing, nothing in this Paragraph shall be deemed to prohibit, hinder or otherwise affect any party's ability to raise any objections on any basis to requests for discovery.

11. **Information from Non-Party Sources.** To the extent that any discovery requests are served on a non-party, the party serving the discovery request(s) shall, at the time of service, provide the non-party with a copy of this Stipulation. This Stipulation shall apply to any non-party

who agrees to its terms, and any such non-party may designate documents produced by that non-party as confidential pursuant to and to the extent permitted by this Stipulation. Documents produced by non-parties in the Action that consist of or contain portions of documents originally created or generated by a party shall be treated as Confidential until the expiration of a fifteen-day (15) period after the production. During that fifteen-day (15) period, if any party governed by this Stipulation believes a non-party has produced information which the party believes should be designated as Confidential, that party may notify the non-party that it may have inadvertently failed to designate the information as Confidential. The non-party may then correct the designation as provided in Paragraph 7.

12. **Use at Trial.** Nothing contained in this Stipulation shall be construed to prejudice any party's right to use at trial any "Confidential" material, or any party's right to challenge any such use. The parties reserve the right to seek relief from the Court with respect to "Confidential" material that may be presented at trial. Further procedures for the handling of Confidential information at trial shall be addressed at a later time.

13. **Filing Confidential with the Court.** The parties shall cooperate to avoid or minimize the need to seek leave to file pleadings under seal, while also cooperating to avoid the public disclosure of Confidential information, including by meeting and conferring regarding the use of any such materials in documents to be filed on the public docket prior to filing. On those occasions when requesting leave to file under seal is unavoidable because a party wishes to include documents or information designated as Confidential by a party, then the filing party shall seek leave of Court to file those materials under seal pursuant to Local Rule 7.1(a)(2) and 7.2(c). If leave to file under seal is granted, the filing party shall file the papers with an indication of the

nature of the contents and the phrase "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" as appropriate. The filing party shall also provide the Court with electronic copies of the main document and any accompanying memorandum of law or exhibits as separate documents in PDF format, which shall be named and organized in a manner that clearly identifies each document, pursuant to the Court's September 9, 2019 "Standing Order re: Electronic Filing in Cases Filed Before Burroughs, J." All such materials so filed shall be released only upon further order of the Court or agreement of the parties. The sealed version of the filing shall be served upon all of the parties contemporaneous with the sealed filing. Within fourteen (14) business days of the sealed filing or as otherwise ordered by the Court, a public version with the Confidential information redacted shall be filed via ECF by the filing party. To the extent that there is any dispute or challenge regarding the propriety of the redactions and/or the appropriateness of any Confidential designations, the burden of establishing the propriety of such designations rests with the Designating Party.

14. **Further Application.** Nothing in this Stipulation shall preclude any party, or any non-party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during the Action. The parties agree the Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Stipulation, during the pendency of the Action and for such time thereafter as is needed to carry out the terms of this Stipulation.

15. **Reservation of Rights.**

a. By designating any material "Confidential," the parties do not acknowledge that any such material is relevant, admissible or discoverable in the Action. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in the Action.

b. Nothing in this Stipulation shall prohibit a party from using or disclosing publicly available or independently discovered information, unless the party is aware that the information has become public improperly or inadvertently.

c. Nothing shall prevent disclosure of Confidential Material if the Designating Party consents in writing to such disclosure.

16. **Modification by the Court or the Parties.** The parties agree the Court may modify this Stipulation at any time in the interest of justice. Furthermore, nothing in this Stipulation shall prejudice the right of the parties to stipulate or to amend or modify this Stipulation in the interests of justice.

17. **Use by Party of Its Own Materials.** Nothing in this Stipulation shall prevent a party to the Action from using its own Confidential materials in any way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by a party of its own document shall constitute the party's waiver of the designation of that document for its use by any party in the Action.

18. **Violations.** The parties agree the Court has jurisdiction to enforce this Stipulation and to grant relief, as authorized by law or in equity, for any violations thereof.

**STIPULATED AND AGREED:**

Dated: April 13, 2023

| | |
|---|---|
| HOLOGIC, INC.,<br>By its attorneys,<br>*/s/ Michael J. Pineault*<br>Michael J. Pineault (BBO No. 555314)<br>Anderson & Kreiger LLP<br>50 Milk Street, 21st Floor<br>Boston, MA 02109<br>mpineault@andersonkreiger.com<br>T: +1 617.621.6578<br>F: +1 617.621.6619<br><br>*/s/ Daniel S. Pariser*<br>Daniel S. Pariser (admitted *pro hac vice*)<br>Jocelyn A. Wiesner (admitted *pro hac vice*)<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Ave., NW<br>Washington, D.C. 20001<br>daniel.pariser@amoldporter.com<br>jocelyn.wiesner@arnoldporter.com<br>T: +1 202.942.5000 | PLAINTIFFS,<br>By their attorneys,<br>*/s/ John J. Roddy*<br>John J. Roddy<br>Bailey & Glasser LLP<br>176 Federal Street, 5th Floor<br>Boston, MA 02110<br>jroddy@baileyglasser.com<br>T: +1 617-439-6730<br>F: +1 617-951-3954<br><br>*/s/ C. Moze Cowper*<br>C. Moze Cowper (admitted *pro hac vice*)<br>Cowper Law<br>12301 Wilshire Blvd., Ste. 303<br>Los Angeles, CA 90025<br>mcowper@cowperlaw.com<br>T: +1 877-529-3707<br>F: +1 877-284-0980<br><br>*/s/ Christina D. Crow*<br>Christina D. Crow (admitted *pro hac vice*)<br>C. Elizabeth Littell Courson (admitted *pro hac vice*)<br>Jinks Crow & Dickson, P.C.<br>219 Prairie Street North<br>P.O. Box 350<br>Union Springs, AL 36089<br>ccrow@jinkslaw.com<br>llittell@jinkslaw.com<br>T: +1 334-738-4225<br>F: +1 334-738-4229 |

**SO STIPULATED, IT IS SO ORDERED.**

Dated: _____, 2023

_____
The Honorable Allison D. Burroughs
United States District Judge

# EXHIBIT A

# ATTESTATION UNDER STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIAL

1. I, _____, hereby attest to my understanding that information or documents designated Confidential Information are provided to me subject to the Stipulated Protective Order ("Order") dated _____, 2023, entered by the Court in *Block v. Hologic, Inc.*, Case No. 1:22-cv-12194 (the "Litigation") (together with other litigation related to the BioZorb device in which plaintiffs are represented by the same Plaintiffs' counsel, the "BioZorb Device Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Attestation to the Confidentiality Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated as Confidential Information pursuant to the Order.

2. I further agree that I shall not disclose to others, except in accordance with the Order, any Confidential Information, in any form whatsoever, and that such Confidential Information and the information contained therein may be used only for the purposes authorized by the Order.

3. I further agree to return all copies of any documents or information containing Confidential Information I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation.

4. I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information material will continue even after this Litigation concludes.

5. I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the District of Massachusetts, for the purposes of any proceedings relating to enforcement of the Order, even if such enforcement proceedings occur after termination of this action.

6. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Attestation.

Date: _____

Printed Name: _____

Signature: _____